**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LAMAR THOMPSON,** | ) | **CASE NO.1:18CV00014** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **JUDGE JOHN R. ADAMS** |
| **v.** | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **DAVID GRAY,** | ) | **JONATHAN D. GREENBERG** |
| **Warden** | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| **Respondent.** | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court

is the Petition of Lamar Thompson ("Thompson" or "Petitioner"), for a Writ of Habeas Corpus

filed pursuant to 28 U.S.C. § 2254.  Thompson is in the custody of the Ohio Department of

Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v.*

*Thompson,* Cuyahoga County Court of Common Pleas Case No. 598685-15-CR.  For the

following reasons, the undersigned recommends that the Petition be DENIED.

### I. Procedural History

**A.    Trial Court Proceedings**

In September 2015, the Cuyahoga County Grand Jury indicated Thompson on the following

charges: (1) one count of attempted murder in violation Ohio Rev. Code § 2923.02/2903.02(A) with

one and three year firearm specifications, a notice of prior conviction, and a repeat violent offender specification (Count One); (2) two counts of felonious assault in violation of Ohio Rev. Code §2903.11(A)(1) and (2) with one and three year firearm specifications, a notice of prior conviction, and a repeat violent offender specification (Counts Two and Three); (3) one count of having weapons under disability in violation of Ohio Rev. Code § 2923.13(A)(2) (Count Four); and (4) one count of carrying a concealed weapon in violation of Ohio Rev. Code § 2923.12(A)(2) (Count Five). (Doc. No. 9-1, Exh. 1.)  Thompson  entered pleas of not guilty to all charges.[1]  (Doc. No. 9-1, Exh. 3.)

On May 24, 2016, the felonious assault charge set forth in Count Two of the indictment was amended to delete the one year firearm and repeat violent offender specifications.  (Doc. No. 9-1, Exh. 4.)  The state trial court conducted a change of plea hearing on that date, at which Thompson pled guilty to the amended Count Two (i.e., felonious assault along with a three year firearm specification and notice of prior conviction) and Count Five (i.e., carrying a concealed weapon). (*Id.*)  Counts One, Three, and Four were nolled.  (*Id.*)  During this hearing, the trial court asked Thompson, in relevant part, the following:

> THE COURT:         Has anyone made any threats or promises to you with regards to what sentence you would receive if you take a plea?
>
> THE DEFENDANT:  No.
>
> * * *

---

[1] As Respondent correctly notes, there is no state court adjudication of the facts in the instant matter.  However, the transcripts of Thompson's change of plea and sentencing hearings indicate his indictment stemmed from a shooting in August 2015 at a Cleveland Metropolitan Housing Authority housing project.  (Doc. No. 9-1, Exh. 23, Page ID# 133-134, 143-144.)

THE COURT:            So, through this plea agreement, you're agreeing to plead guilty to a three year firearm specification which entails a mandatory prison term of three years before any prison time is served on the underlying offense, which is a felony of the second degree.  That's punishable by 2 to 8 years in prison in yearly increments, up to a $15,000 fine and . . . three years mandatory post-release control following any prison sentence. . . .  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:             The felony of the fourth degree that you're pleading guilty to, that's punishable by a term of incarceration of anywhere from 6 to 18 months in prison, up to a $5000 fine and three years post-release control, as I just described; do you understand that?

THE DEFENDANT:  Yes.

THE COURT:            All right.  And the notice of prior conviction as you heard indicates that this is a mandatory prison sentence type of offense; you understand that?

THE DEFENDANT:  What did you say?

THE COURT:            The notice of prior conviction, that means that the Court has no discretion to consider anything other than a prison sentence in this case; do you understand that?

THE DEFENDANT:  Yes.

THE COURT:            Is counsel for the State of Ohio and the defense satisfied the Court has complied with Criminal Rule 11?

[THE STATE]:          Yes, your Honor.

[DEFENSE COUNSEL:        Yes, Your Honor.

(Doc. No. 9-1, Exh. 23 at PageID# 132-133, 136-138.)  The state trial court found Thompson entered his guilty plea knowingly, voluntarily and intelligently, and accepted it.  (Doc. No. 9-1, Exh. 23 at PageID# 138-139.)

3

On June 23, 2016, the state trial court held a sentencing hearing.  (Doc. No. 9-1, Exh. 23 at PageID#140-150.)  The trial court sentenced Thompson to an aggregate prison term of 10 years; i.e., 3 years on the firearm specification to be served prior to and consecutive with 7 years on the felonious assault charge, to be served concurrent with 18 months on the carrying a concealed weapon charge.  (Doc. No. 9-1, Exh. 5.)

## B.      Direct Appeal

Thompson did not file a timely notice of appeal.  Rather, on November 3, 2016, Thompson, proceeding *pro se*, filed a "Delayed Leave of Appeal" and "Delayed Notice of Appeal" to the Eighth District Court of Appeals of Ohio ("state appellate court").   (Doc. No. 9-1, Exhs. 6, 7.)   In his appellate brief, he raised the following assignments of error:

> I.    Enhancement of sentence by the lack of the court adhering to the conditions of the plea as the Effective Counsel and the Office of the Prosecution did not give the Court the signed agreement of the Felonious Assault for Two years concurrent to Carry Conceal Weapons Eighteen months and the Gun Specification for Three years.
>
> II.   Breach of the Plea Agreement by the lack of the Office of the Prosecution and the Effective Counsel notifying the Court the Appellant did not agree to the sentence the Court issued.
>
> III.  Trial Court Discretion is valid argument as the court has not gave the instructions to the Appellant as to the Court acceptance or denial of the plea and sentence by wrong procedure of plea.

(Doc. No. 9-1, Exh. 8.)  On December 2, 2016, the state appellate court denied Thompson leave to file delayed appeal "for failure to set forth the reasons for failure of the appellant to perfect an appeal of right."  (Doc. No. 9-1, Exh. 9.)  The state appellate court allowed Thompson until December 29, 2016 to file a corrected motion for leave to file delayed appeal.  (*Id.*)

On December 21, 2016, Thompson filed a one page, corrected Motion for Delayed

4

Appeal, in which he stated "Motion for delayed Appeal . . . is for the Effective Counsel not filing in behalf of the Appellant a timely notice of appeal."  (Doc. No. 9-1, Exh. 10.)  The State filed a brief in opposition.  (Doc. No. 9-1, Exh. 11.)

On January 10, 2017, the state appellate court *sua sponte* dismissed Thompson's appeal for failure to file a timely notice of appeal.  (Doc. No. 9-1, Exh. 12.)  The following day, the state appellate court denied Thompson's motion for delayed appeal, noting:

> Appellant must provide a valid reason explaining why the notice of appeal is late. Although appellant claims counsel was ineffective in filing the notice of appeal, appellant was not appointed counsel for appeal.

(Doc. No. 9-1, Exh. 13.)

On February 24, 2017, Thompson, proceeding *pro se*, filed a Notice of Appeal with the Supreme Court of Ohio.  (Doc. No. 9-1, Exh. 14.)  In his Memorandum in Support of Jurisdiction, Thompson raised the following Propositions of Law:

> I.    Effective Assistance of Counsel Judiciary Violation began in the plea process and to establish the error the Effective Counsel in the course of the Plea hearing did not question the court as to the conditions of the sentence and if the sentence was appropriate for the court.
>
> II    Judiciary Violations of Trial Procedures are by statutes defining crimes or penalties shall be strictly construed against the state and liberally construed in favor of the accused. The Court in the proceedings did not allow the State and Effective Counsel the privilege to conduct and have a plea proceedings without the interference of the court as the court is not to have a voice in the plea or give a guidance to the plea.

(Doc. No. 9-1, Exh. 15.)  On July 5, 2017, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct. Prac.R. 7.08(B)(4).  (Doc. No. 9-1, Exh. 16.)

**C.    Post-Conviction Filings**

Meanwhile, on November 3, 2016, Thompson filed a *pro se* Petition for Post-Conviction

5

Relief in the state trial court.  (Doc. No. 9-1, Exh. 17.)  Therein, he raised the following claim:

> In accepting a written plea of guilty to a felony charge, the trial court must adhere
> scrupulously to the provisions of Crim. R. 11(F)(G), and it sentence beyond the
> recommendation as the court did on or about 6/23/2016 sentence to 7 years
> Felonious Assault; concurrent to 1 ½ years to Felonious Assault; consecutive to 3
> years Gun Specification sentence. The sentence in the written plea not submitted
> to the court was 2 years Felonious Assault; 3 years Gun Specification; 18 months
> Carry Concealed Weapon for a 5 year incarcerated sentence by plea agreement
> Criminal Rule 11(F)(G).

(*Id.*)  The State thereafter filed a Motion for Summary Judgment on November 11, 2016.  (Doc.

No. 9-1, Exh. 18.)  In response, Thompson filed a motion for relief captioned "Civil Rule 56(B)

for Defending Party" and an affidavit.  (Doc. No. 9-1, Exhs. 19, 20.)

On August 1, 2017, the state trial court granted the State's summary judgment motion.

(Doc. No. 9-1, Exh.21.)  Several weeks later, the trial court issued the following Order:

> In the interest of transparency, the Court Ordered and reviewed the transcripts from
> both the plea hearing and the sentencing hearing.  The Court, pursuant to its policy,
> never at any time met with the parties off the record to discuss any aspect of this case
> while it was pending.  The record reveals that the Defendant's claims that the Court
> violated some clandestine agreement regarding the plea are baseless.  The sentence
> entered in this case was exactly the sentence which was advocated by the State at the
> sentencing hearing.  The Court reiterates its position that upon release, Defendant
> should be placed upon the strictest conditions of post release control.

(Doc. No. 9-1, Exh. 23 at PageID# 124.)  The state court docket reflects Thompson did not

appeal the state trial court's Order.

**D.      Writ of Procedendo**

On August 8, 2017, Thompson filed a *pro se* Writ of Procedendo in the state appellate

court, in which he complained that the trial court had not timely ruled on his post-conviction

petition.  (Doc. No. 9-1, Exh. 24.)  The State filed a Motion for Summary Judgment on

September 5, 2017, noting that the trial court had recently denied Thompson's petition.  (Doc.

No. 9-1, Exh. 25.)

On December 4, 2017, the state appellate court denied Thompson's writ on the grounds that it was (1) moot in light of the state trial court's denial of Thompson's petition; and (2) procedurally defective due to Thompson's failure to comply with Ohio Rev. Code § 2969.25(A) and 2969.25(C).  (Doc. No. 9-1, Exh. 26.)

Thompson filed a *pro se* Notice of Appeal to the Supreme Court of Ohio on January 3, 2018.  (Doc. No. 9-1, Exh. 27.)  In his Memorandum in Support of Jurisdiction, Thompson raised the following Propositions of Law:

I.    Information Error of Discovery by Criminal Rule 16(k) No expert to confirm the laymen witness statement of Felonious Assault for the issuance of 2941.30 Amending an indictment and 2923.12 Carrying a conceal weapon Amending an indictment to ready indictment is based upon information that is from collected memory or witness with no support of the expert witness by Discovery Rule 16 H(1)(2)(3)(4)(5) there are no expert records to contend the act(s) of Felonious Assault and use of a Concealed Weapon were used by the appellant to cause enhancement of the sentence beyond the two years for 2903.11 three years as the appellant has no copy of such reports of the type or the weapon being in the possession of the appellant.

II.   Procedural denial of Appropriate hearing for plea voluntarily, and only after the accused has been informed of and understands his or her rights, it must have the same conditions as if a guilty finding was made by the jury for the allegations to cause a conviction on merits.  The negotiated plea agreed by to a appellant and the prosecutor is a plea bargain, the court has left the explanation of the charges against the appellant in insufficient manner as it omits the available statutory recourse for the allegations being enhanced and the proper method to defend against such enhancement.

(Doc. No. 9-1, Exh. 28.)

On January 8, 2018, the Supreme Court of Ohio found Thompson's case was not a jurisdictional appeal and should proceed as an appeal of right pursuant to S.Ct. Prac.R. 5.01.  (Doc. No. 9-1, Exh. 29.)  Thompson thereafter filed an appellate brief on January 29, 2018,

7

which raised the same propositions of law as set forth above.  (Doc. No. 9-1, Exh. 30.)  The State

filed a brief in response on February 15, 2018.  (Doc. No. 9-1, Exh. 31.)

On October 11, 2018, the Supreme Court of Ohio affirmed the state appellate court's

denial of Thompson's writ of procedendo.  *See Thompson v. Donnelly*, 155 Ohio St.3d 184,

2018-Ohio-4073 (2018).

**E.      Federal Habeas Petition**

On December 27, 2017,[2] Thompson filed a *pro se* Petition for Writ of Habeas Corpus in

this Court and asserted the following grounds for relief:

> **GROUND ONE**:      Plea terms.  The terms of the plea were for no trial and the plea of guilt to 3 years gun spec. and 2 years felonious assault 2nd degree.
>
> **Supporting Facts**:      The effective counsel and the diligent prosecution allowed no signature plea agreement for 3 years gun spec. and 2 years felonious assault and did not inform the court its sentence of 7 years were of error and no plea was entered and objection were to be raised by both and my own objection was overruled.
>
> **GROUND TWO**:      Disability mens rea.  Petitioner gave notice the petitioner was not aware of a gun, weapon, or dangerous ordnance. The guilt was by plea for 3 years gun spec. and 2 years felonious assault to avoid trial.
>
> **Supporting Facts**:      The petitioner gave plea for gun spec and felonious assault non signed agreement to avoid trial for 3 years and for 2 years for five year incarcerated sentence.
>
> **GROUND THREE**:      Felonious Assault.  Plea for no trial and 2nd degree felony.

_____

[2]  Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  While the Petition herein did not arrive at the Court for filing until January 3, 2018, Thompson states that he placed it in the prison mailing system on December 27, 2017.  (Doc. No. 1 at 11.) Thus, the Court will consider the Petition as filed on December 27, 2017.

8

**Supporting Facts**: Petitioner filed for the use of the plea to allow the plea to activate a no trial and sentence of 2 years for no evidence of allegation felonious assault to avoid trial.

**GROUND FOUR**: Firsthand knowledge.  No witness gave affidavit or officer of first hand knowledge by affidavit. The witness was subpoena for knowledge of the background of the petitioner and claimed to have seen him with a gun by assumption.

**Supporting Facts**: Witness was subpoena and gave knowledge the petitioner had carried guns, weapons, and dangerous ordnances in the past and gave a description of a gun she claim to have seen in the hand of the petitioner while the petitioner was running. Petitioner to avoid trial requested a gun spec for 3 years and 2 year 2nd degree felony felonious assault.

(Doc. 1.)

On March 8, 2018, Warden David Gray ("Respondent") filed his Return of Writ.  (Doc. No. 9.)  Thompson filed his Traverse shortly thereafter, on March 13, 2018.[3]  (Doc. No. 10.) On May 7, 2018, Thompson filed a Motion for Appointment of Counsel, which was denied on May 21, 2018.  (Doc. Nos. 14, 15.)

### III.  Exhaustion and Procedural Default

**A.**     **Legal Standard**

Petitioners must exhaust their state remedies prior to raising claims in federal habeas

---

[3] Thompson filed one-page affidavits on both March 13 and March 19, 2018.  (Doc. Nos. 11, 12.)  The Court is unable to discern the purpose or meaning of either of these affidavits. Respondent interpreted them as indicating that Thompson was alleging he did not receive the Return and/or state court record.  (Doc. No. 13.)  On March 21, 2018, Respondent filed a Notice indicating that he had served the Return and state court record on Thompson on March 8, 2018.  (Doc. No. 13-1.)  Respondent further stated that "Respondent's counsel has also inquired of the litigation support staff at Belmont Correctional Institution, and has been advised that the petitioner signed for legal mail on March 13."  (Doc. No. 13.)  Thompson was served with Respondent's Notice and has not filed anything in this Court indicating that he did not receive either the Return and/or the state court record.

corpus proceedings. *See* 28 U.S.C. § 2254(b),( c).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990).

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).  A claim may become procedurally defaulted in two ways. *Id.*  First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.; see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[4] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue

---

[4] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138–39; *Barkley v. Konteh*, 240 F. Supp.2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lovins*, 712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.") This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.* Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id.*

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to

11

whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.* Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219–20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S.

722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  *See also Jones v. Bradshaw*, 489 F. Supp.2d 786, 807 (N.D. Ohio 2007); *Allen v. Harry*, 2012 WL 3711552 at * 7 (6th Cir. Aug. 29, 2012).

**B.      Application to Petitioner– Grounds One through Four**

Thompson's four habeas grounds for relief are difficult to decipher, but all appear to assert trial court error and/or ineffective assistance of counsel based on the assertion that Thompson believed he would be receiving a total of 5 years imprisonment pursuant to the plea agreement but, instead, was sentenced to an aggregate 10 year prison term.  (Doc. No. 1.) Additionally, Thompson's fourth ground for relief could be interpreted as challenging the veracity of witness statements that Thompson had carried guns in the past, as well as a "description of a gun [the witness] claimed to have seen in the hand of petitioner while the petitioner was running."  (*Id.*)

Respondent argues all four of Thompson's habeas grounds for relief are procedurally defaulted for two reasons.  (Doc. No. 9 at 12-15, 20.)  First, Respondent maintains these grounds are defaulted because Thompson failed to file a timely notice of appeal to the state appellate court on direct appeal and his motion for leave to file delayed appeal was denied.  (*Id.*)  Second, with regard to any habeas claims that may arise from Thompson's state post-conviction petition, Respondent argues such claims are defaulted because Thompson failed to appeal the state trial court's denial of his post-conviction petition to either the state appellate court or Supreme Court

13

of Ohio and no avenue exists for him to do so now.  (*Id*.)  Lastly, Respondent asserts Thompson

"does not provide any basis for establishing cause for his failure to appeal nor is there prejudice

or a miscarriage of justice on this record."  (*Id*. at 20.)

Thompson does not address the issues of procedural default, cause, or prejudice in either

his Petition or Traverse.

The Court finds as follows.  To the extent any of Thompson's habeas grounds for relief

stem from his state court post-conviction petition, those grounds are procedurally defaulted.  The

record reflects that, on November 3, 2016, Thompson filed a *pro se* post-conviction petition in

the state trial court asserting a single ground relief.  (Doc. No. 9-1, Exh. 17.)  The state trial court

denied Thompson's petition in an Order dated August 1, 2017.  (Doc. No. 9-1, Exh. 21.)

Thompson failed to appeal the trial court's Order denying his Petition to the state appellate court,

and he may no longer do so, as Ohio does not permit delayed appeals in post-conviction

proceedings.  *See Wright v. Lazaroff*, 643 F.Supp.2d 971, 987 (S.D. Ohio 2009) ("The Supreme

Court of Ohio has specifically held that "a delayed appeal pursuant to App. R. 5(A) is not

available in the appeal of a post-conviction relief determination ...") (citing *State v. Nichols*, 11

Ohio St.3d 40, 43, 463 N.E.2d 375, 378 (1984)); *Carley v. Hudson*, 563 F.Supp.2d 760, 775

(N.D. Ohio 2008) (same); *Scott v. Warden, Pickaway Correctional Inst*., 2014 WL 29514 at * 6

(S.D. Ohio Jan. 3, 2014) (finding claim procedurally defaulted because petitioner failed to appeal

the trial court's denial of his post-conviction petition and petitioner could no longer appeal

because "Ohio does not permit delayed appeals in post-conviction proceedings.")  *See also*

*Nesser v. Wolfe*, 370 Fed. Appx. 665, 670 (6th Cir. March 25, 2010) (holding that "Ohio does

not permit delayed appeals in postconviction proceedings, and this is an adequate and

14

independent ground upon which to deny relief.") (citation omitted).        Thus, the Court finds that any habeas claims stemming from Thompson's post-conviction petition are procedurally defaulted.

Although unclear, it also appears that Thompson's habeas grounds were asserted on direct appeal.  As noted above, Thompson did not file a timely notice of appeal.  Rather, on November 3, 2016, Thompson filed a *pro se* "Delayed Leave of Appeal" and "Delayed Notice of Appeal" pursuant to Ohio App. R. 5(A).[5]  (Doc. No. 9-1, Exhs. 6, 7.)  On that same date, Thompson filed an appellate brief in which he raised three grounds for relief, all of which appear to allege trial court error and/or ineffective assistance of counsel in association with his plea agreement and subsequent sentence.  (Doc. No. 9-1, Exh. 8.)  The state appellate court denied Thompson's leave to appeal "for failure to set forth the reasons for failure of the appellant to perfect an appeal of right" and allowed him the opportunity to file a corrected motion for leave to file delayed appeal.  (Doc. No. 9-1, Exh. 9.)  On December 21, 2016, Thompson filed a one page corrected Motion for Delayed Appeal, which stated (in its entirety) as follows:

> Motion for delayed Appeal motion for leave of Appeal by AppellatRule [sic] 5 (A)(2) is for the Effective Counsel not filing in behalf of the Appellant a timely notice of appeal.  The appellant upon the advice of Appellante [sic] Rules book of Appellate Rules suggested the procedure is necessary to file in order to exhaust the remedy availabale [sic] for other Judiciary Procedures.  Appellate Rule 5.

---

[5]  Ohio Rule of Appellate Procedure 5(A) provides as follows: "A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney." Ohio App. R. 5(A)(2).

15

Appellant desire to gain assistance in another court procedure and have proven exhaustion of remedy.  Without exhaustion of remedy of remedy of review [sic] by the highest Court of the land, the cause for other remedy, is lost.

Conclusion

Judgment Relief is granting the exhaustion of remedy upon Effective Counsel lack of filing in a manner appropriate to direct appeal and by procedure of Appellate Rule 3 and 4 in thirty days with consideration, that the error is remedy by the instructions of the court to file cause for delayed appeal of Appellate Rule 5(A)(2).

(Doc. No. 9-1, Exh. 10.)  The State filed a brief in opposition, in which it noted that: "There is no allegation that [Thompson] retained or was appointed appellate counsel which did not properly file a timely notice of appeal.  There is no allegation that he was not advised of his right to appeal.  Nor would either excuse justify a four month delay."  (Doc. No. 9-1, Exh. 11.)

On January 11, 2017, the state appellate court issued the following Order: "Motion by appellant, *pro se*, for delayed appeal is denied.  Appellant must provide a valid reason explaining why the notice of appeal is late.  Although appellant claims counsel was ineffective in filing the notice of appeal, appellant was not appointed counsel for appeal."  (Doc. No. 9-1, Exh. 13.)  Thompson then appealed to the Ohio Supreme Court, which declined jurisdiction on July 5, 2017.  (Doc. No. 9-1, Exh. 16.)

In *Stone v. Moore*, 644 F.3d 342 (6th Cir. 2011), the Sixth Circuit held (contrary to prior precedent) that "a petitioner's failure to follow Ohio Rule of Appellate Procedure 5(A) can serve as the basis for a procedural default of a petitioner's habeas claims."  *Stone*, 644 F.3d at 346.  *See also Caraballo v. Bracy*, 2018 WL 3640202 at * 4 (N.D. Ohio June 12, 2018).  However, as noted above, a petitioner's procedural default may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error.  *See Maupin*, 785 F.2d at 138–39.  "Demonstrating cause requires showing that an 'objective factor external to the defense

impeded counsel's efforts to comply' with the state procedural rule."  *Franklin*, 434 F.3d at 417

(quoting *Murray*, 477 U.S. at 488).  "Demonstrating prejudice requires showing that the

[proceedings were] infected with constitutional error."  *Id.*  Prejudice does not occur unless

petitioner demonstrates "a reasonable probability" that the outcome would have been different.

*See Mason*, 320 F.3d at 629.

       Here, Thompson does not argue (either in his Petition or Traverse) that there was cause

or prejudice to excuse the default of his habeas claims.  While not addressed herein by either

party, the Court notes that, in his corrected Motion for Leave to File Delayed Appeal, Thompson

appears to have argued that his failure to timely appeal was due to his counsel's failure to file a

timely notice of appeal on his behalf.  Thompson does not provide any further explanation of

this assertion, either in his state court filings or in these habeas proceedings.

       It is well established that ineffective assistance of counsel may serve as cause to excuse

the procedural default of a claim if it rises to the level of a constitutional violation, but only if

the underlying claim of ineffective assistance of counsel is not itself defaulted.  *See Martin v.*

*Mitchell*, 280 F.3d 594, 605 (6th Cir. 2002); *Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir.

2012).  In the instant case, Thompson has not raised, at any point in his state court proceedings,

a claim of ineffective assistance of counsel based on counsel's failure to file a timely direct

appeal.  Thus, even if Thompson had argued that ineffective assistance of counsel served as

cause to excuse the default of his claims, such an argument would be without merit because any

underlying ineffective assistance of counsel claim is itself defaulted.

       That being said, the Court notes that, based on the record before it, it appears Thompson

was not appointed counsel for purposes of direct appeal and, further, that his appeal rights were

not explained to him during the sentencing hearing.[6]  It is possible that Thompson retained

counsel and/or was made aware of his appeal rights in some other fashion.  However, there is no

evidence in the record before this Court indicating retention of counsel, waiver of counsel, or

any other documentation that might provide insight as to whether or not Thompson was advised

of his direct appeal rights.

Notably, Thompson does not raise these issues in his habeas petition, either as

independent grounds for relief or as cause to excuse the default of his habeas claims.  Thus, the

Court is constrained from fully considering and addressing these issues.  Nonetheless, the Court

notes that federal courts have found a habeas petitioner can show cause to overcome a

procedural default if he can demonstrate that he was not advised of his right to appeal.  *See*

*Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001); *Wolfe v. Randle*, 267 F. Supp.2d 743, 746-50

(S.D. Ohio 2003); *Caraballo*, 2018 WL 3640202 at * 5; *Walker v. Warden, Lake Erie Corr.*

---

[6] Under Ohio law, a defendant who pleads guilty to a felony may appeal as a matter of right the sentence imposed on one of several grounds specified in the statute. Ohio Rev. Code § 2953.08(A).  *See also Thompson v. Wilson*, 523 F. Supp.2d 626, 636-637 (N.D. Ohio 2007). As another court explained: "Even a defendant who has pled guilty has limited rights to appeal. It is true that a defendant who pled guilty may not appeal the factual basis of his conviction, except on the basis that his guilty plea was not entered knowingly, intelligently, and voluntarily. *United States v. Broce*, 488 U.S. 563, 109 S. Ct. 757, 102 L. Ed.2d 927 (1989); *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed.2d 747 (1970); *Baker v. United States*, 781 F.2d 85 (6th Cir.1986) * * * A defendant who pled guilty may appeal his conviction on grounds that the statute on which his conviction is based is unconstitutional. *Id*. A defendant who pled guilty may appeal a sentence that is contrary to law. Ohio Rev.Code § 2953.08. At least one Ohio appellate court has held that all Ohio defendants who plead guilty have a right to a delayed appeal where notice of a right to appeal was not given by the trial court. *State v. Robinson*, 101 Ohio App.3d 238, 655 N.E.2d 276 (1995). Even though a right to appeal might be limited, the Fourteenth Amendment requires procedural safeguards to protect that limited right. *Wolfe,* 267 F.Supp.2d at 746 ("After deciding that a right to appeal is essential, the state cannot then deny [a] defendant due process.")." *McIntosh v. Hudson*, 632 F.  Supp.2d 725, 737-738 (N.D. Ohio 2009).

*Inst.*, 2016 WL 1019258 at *5 (S.D. Ohio March 15, 2016) ("The court concludes that the trial court's failure to inform Petitioner of his appellate rights is cause for Petitioner's procedural default of his claims on appeal.") (citing *Thompson*, 523 F. Supp. 2d at 637).  As this Court cannot determine on the record before it whether Thompson was fully advised of his appeal rights, and in light of his *pro se* status, the Court will, in an abundance of caution, proceed to consider the merits of Thompson's habeas grounds for relief.

## IV.  Review on the Merits

**A.     Grounds One through Four**

Grounds One through Four of Thompson's each appear to assert ineffective assistance of counsel and/or trial court error in connection with his plea agreement and sentence.  Although unclear, Thompson appears to argue that, pursuant to his plea agreement, he believed he was going to be sentenced to an aggregate of five years imprisonment; i.e., three years on the gun specification and two years on the felonious assault charge in Count Two, with the sentence for carrying a concealed weapon in Count Four to be served concurrently.  (Doc. No. 1.)  Thompson argues the trial court erred in sentencing him, instead, to a total of ten years imprisonment (i.e., three years on the gun specification and seven years on the felonious assault charge to be served consecutively, and 18 months on the carrying a concealed weapon charge to be served concurrently).  (*Id.*)  He further asserts counsel was ineffective for failing to object.  (*Id.*)  Finally, Thompson appears to challenge the veracity of a witness statement provided in connection with his case.  (*Id.*)

Respondent first notes there is no state court adjudication of these claims on the merits because Thompson failed to timely appeal.  (Doc. No. 9 at 12.)  Respondent goes on to argue

19

Thompson's claims must fail on *de novo* review because the sentencing transcript demonstrates his guilty plea was "voluntary and adequately counseled." (*Id*. at 11.) Respondent further asserts that "to the extent Thompson's petition appears to raise issues of fact or law concerning his actual guilt, his provident guilty plea renders those assertions, whatever they may be, not cognizable." (*Id*. at 19.)

As there is no state court adjudication on the merits, the Court will conduct a *de novo* review of Thompson's habeas grounds for relief. "Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir.2012) (internal quotations omitted). This is so because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). "Thus, after the entry of an unconditional plea, a defendant may only attack the court's jurisdiction and the voluntary and intelligent character of the plea itself." *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012) (citing *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012)).

"[G]uilty pleas 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' " *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). The validity of the plea must be determined from the "totality of the circumstances." *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005) (citing *Brady*, 397 U.S. 747). When a habeas petitioner challenges the validity of his plea, "the

state generally satisfies its burden [to show that the plea was voluntary and intelligent] by producing a transcript of the state court proceeding." *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  *See also McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) ("A guilty plea must be accompanied by an affirmative showing that it was intelligent and voluntary' . . . Such a showing is generally made by the government's production of a transcript of state court proceedings to establish that the plea was made voluntarily.")

Here, construing the Petition liberally, Thompson appears to argue that his plea was not voluntary and knowing because his counsel promised him that he would be sentenced to a total of five (rather than ten) years imprisonment.  (Doc. No.1.)  In *Baker v. United States*, 781 F.2d 85 (6th Cir. 1986), the Sixth Circuit explained, as follows:

> [W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry. Plea bargaining is an essential component of the administration of justice. Properly administered, it is to be encouraged. It is impossible for a trial judge to properly administer a plea agreement if it consists of secret terms known only to the parties. Furthermore, a plea bargain itself is contractual in nature and subject to contract-law standards. To allow defendant to attempt to prove by affidavit that the agreement is otherwise than it appears, unambiguously, on a thorough record would violate established contract-law standards. **The Court holds therefore that where Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court, and that therefore there was no breach of agreement in this case**.

*Id*. at 90 (citations and quotation marks omitted) (emphasis added).

Thompson does not contend that the state trial judge herein failed to follow proper plea colloquy procedures.  The Court's own review of the change of plea transcript reveals the state trial court clearly explained the charges to which Thompson was pleading guilty, the factual basis for those charges, and the various rights that he would be giving up by pleading guilty.

(Doc. No. 9-1, Exh. 23 at PageID#s 128-139.)  The state trial court also accurately described the statutory penalties associated with Thompson's charged offenses, noting in particular that the "three year firearm specification [on Count Two] entails a mandatory prison term of three years before any prison time is served on the underlying offense, which is a felony of the second degree [and is] punishable by 2 to 8 years in prison in yearly increments. . ." (*Id.* at PageID# 136.)  Both defense counsel and the State affirmatively stated they were satisfied that the trial court had complied with Ohio R. Crim. P. 11.  (*Id*. at PageID# 138.)  Further, Thompson indicated he understood everything that had been discussed during the hearing and that he wished to plead guilty.  (*Id*. at PageID#s 132, 134-135, 136-139.)  Thus, and in the absence of any argument to the contrary, the Court finds Thompson has not demonstrated the state trial court failed to follow proper plea colloquy procedures.

Thompson, therefore, must demonstrate "extraordinary circumstances" that explain his failure to reveal alleged terms of the plea agreement.  Thompson does not expressly do so, but does appear to assert that his counsel provided ineffective assistance of counsel by assuring him that he would receive only five years imprisonment if he pled guilty.  (Doc. No. 1.)  A claim of ineffective assistance is be analyzed pursuant to the standard outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Therefore, the ineffective assistance alleged by Thompson must meet the *Strickland* standard in order to constitute an "extraordinary circumstance" to excuse the fact that he failed to disclose an alleged additional term of the plea agreement.  *See Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999).  To establish ineffective assistance of trial counsel under *Strickland*, Thompson must show that (1) his attorney's performance was, under all of the circumstances, unreasonable under prevailing

22

professional norms; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different.  *See Strickland*, 466 U.S. at 687–94, 104 S.Ct. 2052.

Here, Thompson has not demonstrated either deficient performance or prejudice under *Strickland.*  Aside from a cursory and self-serving allegation in his corrected motion for delayed appeal, Thompson has not come forward with any evidence suggesting that defense counsel promised him he would receive a five year prison term or otherwise misled him as to his possible sentence.  In the absence of any meaningful argument or evidence to the contrary, the Court therefore finds Thompson has failed to demonstrate his counsel performed deficiently by falsely promising him he would receive a five year prison term.

Moreover, even assuming Thompson established that counsel performed deficiently in this regard, he cannot establish that defense counsel's alleged promise caused him prejudice. The Sixth Circuit has explained:

> When an ineffective-assistance claim is based on misleading information regarding the consequences of a plea, a proper plea colloquy is generally deemed to cure any misunderstanding the defendant may have had about the consequences of the plea. *Ewing v. United States*, 651 Fed.Appx. 405, 410 (6th Cir. 2016) (citing *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999)). The court's proper advisement of rights is thus deemed to 'foreclose' any showing of actual prejudice attributed to counsel's erroneous advice, because the defendant is deemed bound by his statements in response to the court's inquiry.  *Id.*  Otherwise, the plea colloquy process would be rendered meaningless if a defendant could reopen the record by later asserting that actually, he misunderstood.  *Ramos*, 170 F.3d at 566.

*United States v. Pola*, 703 Fed.Appx. 414, 423 (6th Cir. 2017).  *See also Summers v. Warden Chillicothe Correctional Institution*, 2018 WL 2166198 at * 3 (6th Cir. Feb. 20, 2018) ("A guilty plea colloquy protects against claims that the plea was the result of inadequate advice because the record can establish that the defendant understood the advantages and disadvantages of the

plea and the sentencing consequences."); *Thompson v. United States*, 728 Fed Appx. 527, 535 (6th Cir. March 28, 2018); *Bozell v. Palmer*, 2018 WL 6437436 at * 3 (6th Cir. Nov. 2, 2018).

Here, Respondent submitted a transcript of Thompson's plea hearing, which shows that Thompson entered into his plea knowingly and voluntarily.  As noted above, during Thompson's plea hearing, the state trial court judge explained to him the charges to which he was pleading guilty, the factual basis for those charges, and the various rights that he would be giving up by pleading guilty.  (Doc. No. 9-1, Exh. 23 at PageID#s 128-139.)  The state trial court also accurately described the statutory penalties associated with Thompson's charged offenses, as follows:

> THE COURT:      So through this plea agreement, you're agreeing to plea guilty to a three-year firearm specification which entails a mandatory prison term of three years before any prison time is served on the underlying offense, which is a felony of the second degree.  That's punishable by 2 to 8 years in prison in yearly increments, up to a $15,000 fine and five years –
>
> MR. HELLER:      Three years.
>
> THE COURT:      -- three years mandatory post-release control following any prison sentence or -- following in this case, the prison sentence, which means the parole board will supervise you for three years at the end of your prison sentence and will be empowered to impose additional prison time, even;though you completed your sentence for violations, as long as -- and as long as the additional time does not exceed more than one half, of whatever this Court determines is the appropriate original sentence.
>
> If you have reporting requirements placed upon you by the parole board and intentionally abscond, you could be charged with a new felony called escape.  Do you understand that?
>
> THE DEFENDANT: Yes.

24

| | |
|---|---|
| THE COURT: | The felony of the fourth degree that you're pleading guilty to, that's punishable by a term of incarceration of anywhere from 6 to 18 months in prison, up to a $5,000 fine and three years post-release control, as I just described; do you understand that? |
| THE DEFENDANT: | Yes. |
| THE COURT: | All right.  And the notice of prior conviction as you heard indicates that that is a mandatory prison sentence type of offense; you understand that? |
| THE DEFENDANT: | What did you say? |
| THE COURT: | The notice of prior conviction, that means that the Court has no discretion to consider anything other than a prison sentence in this case; do you understand that? |
| THE DEFENDANT: | Yes. |

(Doc. No. 9-1, Exh. 23 at PageID#s 136-138.)  Thompson indicated that he understood this information, and pled guilty.  (*Id.*)  He also expressly denied that any promises had been made to him with regard to his sentence.  (Doc. No. 9-1, Exh. 23 at PageID# 132-133.)  Under these circumstances, the Court finds the state trial court's plea colloquy is sufficient to have cured any misunderstanding Thompson may have had about the consequences of his plea.

As the Sixth Circuit has explained when faced with a challenge to a plea bargain based upon alleged off-the-record statements or promises:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy ... indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners ... from making the precise claim that is today before us. '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'

*Ramos*, 170 F.3d at 566 (quoting *Baker,* 781 F.2d at 90).  In light of what Thompson said at the time he pleaded guilty, any claim that his counsel misled him is insufficient to overcome the presumption of truthfulness which attaches to statements made during the plea colloquy.

Accordingly, Thompson's habeas claims that his plea was not knowing or voluntary, and that counsel was ineffective by falsely promising he would receive a lighter sentence, are without merit and denied.

Lastly, Thompson's fourth ground for relief could be interpreted as challenging the sufficiency of the evidence supporting his conviction and sentence; i.e., the  veracity of witness statements that Thompson had carried guns in the past, as well as a "description of a gun [the witness] claimed to have seen in the hand of petitioner while the petitioner was running."  (Doc. No. 1 at 7.)  However, as noted above, "after the entry of an unconditional plea, a defendant may only attack the court's jurisdiction and the voluntary and intelligent character of the plea itself." *Werth*, 692 F.3d at 495.  *See also United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012); *Enyart v. Coleman*, 29 F. Supp.3d 1059, 1084 (N.D. Ohio 2014).  Thus, by pleading guilty, Thompson waived any right to attack the sufficiency of the evidence supporting his conviction. *See Childrey v. Palmer*, 2010 WL 4923543 at * 3 (W.D. Mich. Nov. 29, 2010) (citing *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982)).

Accordingly, this argument in support of Thompson's fourth habeas ground for relief is without merit and denied.

26

### V. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DENIED.

Date:  May 14, 2019                                        *s/ Jonathan Greenberg*
                                                                                Jonathan D. Greenberg
                                                                                United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

27