# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LAMAR THOMPSON,** | **CASE NO. 1:18-CV-00014** |
| Petitioner, | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| | **MAGISTRATE JUDGE JONATHAN D. GREENBERG** |
| **WARDEN DAVID GRAY,** | |
| Respondent. | **MEMORANDUM OF OPINION AND ORDER** |

This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge Jonathan D. Greenberg (Doc. No. 16), which recommends denying the Petition for Writ of Habeas Corpus (Doc. No. 1) of Lamar Thompson ("Thompson" or "Petitioner"). Thompson has filed Objections to the R&R. (Doc. No. 18.)

For the following reasons, Thompson's Objections are overruled. The R&R is ADOPTED, and the Petition is DENIED.

## I. Relevant Procedural History

### a. State Trial Court Proceedings

In May 2016, in the Court of Common Pleas of Cuyahoga County, Ohio, Thompson pled guilty to one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1) with a three-year firearm specification and notice of prior conviction and one count of carrying a concealed weapon in violation of Ohio Rev. Code § 2923.12(A)(2). (Doc. No. 9-1, Ex. 4.) During his plea hearing, the state trial court asked, in relevant part, the following:

> THE COURT: Has anyone made any threats or promises to you with regards to what sentence you would receive if you take a plea?

THE DEFENDANT: No.

* * *

THE COURT: Do you understand, Mr. Thompson, if you change your plea in this case, you're giving up your right to contest this allegation, either at a jury trial or you could have the facts tried to me at what is known as a bench trial in order to determine your guilt or non guilt on all the allegations contained in the indictment; do you understand that?

THE DEFENDANT: Yes.

* * *

THE COURT: So through this plea agreement, you're agreeing to plea guilty to a three-year firearm specification which entails a mandatory prison term of three years before any prison time is served on the underlying offense, which is a felony of the second degree. That's punishable by 2 to 8 years in prison in yearly increments, up to a $15,000 fine and . . . three years mandatory post-release control following any prison sentence. . . . Do you understand that?

THE DEFENDANT: Yes.

THE COURT: The felony of the fourth degree that you're pleading guilty to, that's punishable by a term of incarceration of anywhere from 6 to 18 months in prison, up to a $5,000 fine and three years post-release control, as I just described; do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right. And the notice of prior conviction as you heard indicates that this is a mandatory prison sentence type of offense; you understand that?

THE DEFENDANT: What did you say?

THE COURT: The notice of prior conviction, that means that the Court has no discretion to consider anything other than a prison sentence in this case; do you understand that?

THE DEFENDANT: Yes.

THE COURT: Is counsel for the State of Ohio and the defense satisfied the Court has complied with Criminal Rule 11?

[THE STATE]: Yes, your Honor.

[DEFENSE COUNSEL]: Yes, your Honor.

(Doc. No. 9-1, Ex. 23 at PageID# 132-34, 136-38.) The court accepted Thompson's guilty plea after determining that he was entering it knowingly, voluntarily, and intelligently. (Doc. No. 9-1, Ex. 23 at PageID# 138-39.)

About a month later, on June 23, 2016, the court sentenced Thompson to a total of ten years in prison: three years on the firearm specification to be served prior to and consecutive with seven years on the felonious assault charge, to be served concurrent with eighteen months on the carrying a concealed weapon charge. (Doc. No. 9-1, Ex. 23 at PageID# 148-49; Doc. No. 9-1, Ex. 5.)

### b. Direct Appeal

Thompson failed to file a timely notice of appeal. Instead, on November 3, 2016, Thompson filed a "Delayed Leave of Appeal" and "Delayed Notice of Appeal" in the Eighth District Court of Appeals of Ohio, raising the following assignments of error:

1. Enhancement of Sentence by the lack of the court adhering to the conditions of the plea as the Effective Counsel and the Office of the Prosecution did not give the Court the signed agreement of the Felonious Assault for Two years concurrent to Carry Conceal Weapon Eighteen months and the Gun Specification for Three years.

2. Breach of the Plea Agreement by the lack of the Office of the Prosecution and the Effective Counsel notifying the Court the Appellant did not agree to the sentence the Court issued.

3. Trial Court Discretion is valid argument as the court has not gave the instructions to the Appellant as to the Court acceptance or denial of the plea and sentence by wrong procedure of plea.

(Doc. No. 9-1, Exs. 6-8.)

On December 2, 2016, the court of appeals denied Thompson's motion for leave to file a delayed appeal, but permitted him to file a corrected motion setting forth the reasons for his failure

to perfect an appeal of right. (Doc. No. 9-1, Ex. 9.) On December 21, 2016, Thompson filed a one-page, corrected Motion for Delayed Appeal. (Doc. No. 9-1, Ex. 10.) Although Thompson was proceeding *pro se*, his corrected motion provided that his "Motion for delayed Appeal . . . is for the Effective Counsel not filing in behalf of the Appellant a timely notice of appeal." (*Id.*) The court of appeals again denied Thompson leave to file a delayed appeal and dismissed his appeal. (Doc. No. 9-1, Exs. 12, 13.)

Still proceeding *pro se*, Thompson filed a notice of appeal with the Ohio Supreme Court on February 24, 2017. (Doc. No. 9-1, Ex. 14.) In his Memorandum in Support of Jurisdiction, Thompson raised essentially the same arguments as those made before the court of appeals based on his plea and sentencing. (Doc. No. 9-1, Ex. 15.) On July 5, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to Ohio Supreme Court Practice Rule 7.08(B)(4). (Doc. No. 9-1, Ex. 16.)

### c. Post-Conviction Filings

On November 3, 2016—the same day that Thompson filed his delayed appeal in the court of appeals—he also filed a *pro se* Petition for Post-Conviction Relief in the state trial court. (Doc. No. 9-1, Ex. 17.) In his petition, Thompson raised a single ground for relief:

> In accepting a written plea of guilty to a felony charge, the trial court must adhere scrupulously to the provisions of Crim. R. 11(F)(G), and it sentence beyond the recommendation as the court did on or about 06/23/2016 sentence to 7 years Felonious Assault; concurrent to 1 ½ years to Felonious Assault; consecutive to 3 years Gun Specification sentence. The sentence in the written plea not submitted to the court was 2 years Felonious Assault; 3 years Gun Specification; 18 months Carry Concealed Weapon for a 5 year incarcerated sentence by plea agreement Criminal Rule 11(F)(G).

(*Id.*) In response, the State filed a motion for the summary judgment. (Doc. No. 9-1, Ex. 18.) On August 1, 2017, the court granted the motion for summary judgment and denied Thompson's petition.

4

(Doc. No. 9-1, Ex. 21.) Subsequently, on September 18, 2017, the trial court issued the following order:

> In the interest of transparency, the Court Ordered and reviewed the transcripts from both the plea hearing and the sentencing hearing. The Court, pursuant to its policy, never at any time met with the parties off the record to discuss any aspect of this case while it was pending. The record reveals that the Defendant's claims that the Court violated some clandestine agreement regarding the plea are baseless. The sentence entered in this case was exactly the sentence which was advocated by the State at the sentencing hearing. The Court reiterates its position that upon release, Defendant should be placed upon the strictest conditions of post release control.

(Doc. No. 9-1, Ex. 23 at PageID# 124.) The state court docket indicates that Thompson did not appeal the trial court's order.[1]

### d. Federal Habeas Petition

On December 27, 2017,[2] Thompson filed a *pro se* Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

> **GROUND ONE:** Plea terms. The terms of the plea were for no trial and the plea of guilt to 3 years gun spec. and 2 years felonious assault 2nd degree.
>
> **Supporting Facts:** The effective counsel and the diligent prosecution allowed no signature plea agreement for 3 years gun spec. and 2 years felonious assault and did not inform the court its sentence of 7 years were of error and no plea was entered and objection were to be raised by both and my own objection was overruled.
>
> **GROUND TWO:** Disability Mens rea. Petitioner gave notice the petitioner was not aware of a gun, weapon, or dangerous ordnance. The guilt was by plea for 3 years gun spec. and 2 years felonious assault to avoid trial.

---

[1] On August 8, 2017, Thompson did file a Writ of Procedendo in the court of appeals, in which he asserted the trial court had failed to timely rule on his post-conviction petition. (Doc. No. 9-1, Ex. 24.) The court of appeals denied the writ as procedurally deficient and as moot in light of the trial court's ruling on his petition. (Doc. No. 9-1, Ex. 26.) The Supreme Court of Ohio affirmed that decision on October 11, 2018. *See Thompson v. Donnelly*, 155 Ohio St.3d 184 (2018).

[2] As the Magistrate Judge noted, Thompson indicated that he placed his Petition in the prison mailing system on December 27, 2017, and it is considered filed as of that date. *See Houston v. Lack*, 487 U.S. 266 (1988).

> **Supporting Facts:** The petitioner gave plea for gun spec and felonious assault non signed agreement to avoid trial for 3 years and for 2 years for five year incarcerated sentence.
>
> **GROUND THREE:** Felonious Assault. Plea for no trial and 2''' degree felony.
>
> **Supporting Facts:** Petitioner filed for the use of the plea to allow the plea to activate a no trial and sentence of 2 years for no evidence of allegation felonious assault to avoid trial.
>
> **GROUND FOUR:** Firsthand knowledge. No witness gave affidavit or officer of first hand knowledge by affidavit. The witness was subpoena for knowledge of the background of the petitioner and claimed to have seen him with a gun by assumption.
>
> **Supporting Facts:** Witness was subpoena and gave knowledge the petitioner had carried guns, weapons, and dangerous ordnances in the past and gave a description of a gun she claim to have seen in the hand of the petitioner while the petitioner was running. Petitioner to avoid trial requested a gun spec for 3 years and 2 year 2nd degree felony felonious assault.

(Doc. No. 1.)

On March 8, 2018, Warden David Gray ("Respondent") filed his Return of Writ. (Doc. No. 9.) Thompson then filed his Traverse on March 13, 2018. (Doc. No. 10.)

On March 13 and March 19, 2018, Thompson also filed one-page affidavits. (Doc. Nos. 11, 12.) The Magistrate Judge was unable to discern the purpose or meaning of either of the affidavits. (Doc. No. 16 at 9 n.3.) This Court is unable to do so as well. However, Respondent appeared to interpret the affidavits as indicating that Thompson was alleging he did not receive the Return of Writ and/or the state court record. Thus, on March 21, 2018, Respondent filed a Notice providing that he had served the Return and state court record on Thompson on March 8, 2018. (Doc. Nos. 13, 13-1.) Respondent further stated that "Respondent's counsel has also inquired of the litigation support staff at Belmont Correctional Institution, and has been advised that the petitioner signed for legal mail on

March 13." (Doc. No. 13.) After Respondent's filing, Thompson did not file anything indicating that he did not receive either the Return or the state court record.

On May 7, 2018, Thompson filed a Motion for Appointment of Counsel. (Doc. No. 14.) Noting that Thompson failed to offer any specific reasons for why he was entitled to an appointment of counsel and that Thompson's petition could be resolved based on the state court record without discovery, the Magistrate Judge denied Thompson's motion. (Doc. No. 15.) Thompson did not file any objections to the Magistrate Judge's order.

On May 14, 2019, the Magistrate Judge issued the R&R recommending that Thompson's Petition be denied. (Doc. No. 16.) While noting that Thompson's grounds for relief in his Petition were difficult to decipher, the Magistrate Judge interpreted them as asserting "trial court error and/or ineffective assistance of counsel based on the assertion that Thompson believed he would be receiving a total of 5 years imprisonment pursuant to the plea agreement but, instead, was sentenced to an aggregate 10 year prison term." (*Id.* at 13.) In addition, the Magistrate Judge construed the fourth ground for relief as challenging the sufficiency of the evidence supporting Thompson's conviction and sentence. (*Id.*)

The Magistrate Judge then held that to the extent any of Thompson's habeas grounds for relief arose from his state court post-conviction petition, they were procedurally defaulted because he had failed to appeal the order denying his post-conviction petition and he could no longer do so. (*Id.* at 14-15.) However, the Magistrate Judge found that although Thompson did not file a timely notice of appeal on direct appeal, the record was unclear as to whether Thompson was ever fully advised of his appeal rights. (*Id.* at 15-19.) Recognizing that Thompson may be able to demonstrate cause to

7

overcome a procedural default if he was not advised of his right to appeal, the Magistrate Judge proceeded to assess the merits of Thompson's Petition out of "an abundance of caution." (*Id.* at 19.)

Because there is no state court adjudication on the merits of Thompson's claims due to his failure to file a timely appeal, the Magistrate Judge conducted a *de novo* review of his habeas grounds for relief. (*Id.* at 19-20.) The Magistrate Judge recommending denying the Petition because (1) Thompson failed to show that his plea was not knowing and voluntary, (2) Thompson failed to show that his counsel was ineffective, and (3) Thompson waived any right to attack the sufficiency of the evidence supporting his conviction when he pled guilty. (*Id.* at 19-26.)

After receiving an extension of time, Thompson filed Objections to the R&R on July 16, 2019. (Doc. No. 18.)

**II. Standard of Review**

Parties must file any objections to a report and recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal the district court's judgment. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

When a petitioner objects to a magistrate judge's report and recommendation, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'"

*Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at * 7 (N.D. Ohio April 7, 2006) (quoting *Walters*, 638 F.2d at 949-50). An objection "that merely restates the arguments previously presented" or "does nothing more than state a disagreement with a magistrate's recommendation" is not sufficient. *Id.*

While most of Thompson's Objections restate arguments previously presented or merely assert his disagreement with the R&R, the Court will nonetheless liberally construe his Objections in light of his *pro se* status. Accordingly, the Court conducts a *de novo* review of the portions of the R&R to which Thompson has objected.

## III. Analysis

Although somewhat difficult to decipher, Thompson appears to have objected to several aspects of the R&R. First, Thompson asserts that he has shown cause and prejudice to excuse any procedural default. He also reasserts that his plea was not knowing and voluntarily and that he was denied effective assistance of counsel. In support of his contention that his plea was improper, Thompson argues for the first time that he was not advised of various constitutional rights, including the right to a jury trial, in violation of Ohio R. Crim. P. 11. In addition to these challenges to the R&R, Thompson also appears to renew his motion for appointment of counsel and to request that he be provided with certain documents related to his case. For the following reasons, the Court finds that none of Thompson's Objections have merit.

### a. Procedural Default

As noted above, in his Objections, Thompson argues that he has demonstrated sufficient cause and prejudice to excuse any procedural default. He asserts that "[t]he record before the magistrate and this court [show] that Mr. Thompson was [not] advised of his right to appeal." (Doc. No. 18 at

2.) However, Thompson's objections on this issue are irrelevant. Although the Magistrate Judge found that any grounds for relief arising from Thompson's post-conviction petition were procedurally defaulted, the Magistrate Judge nonetheless proceeded to the merits of Thompson's Petition out of an abundance of caution because the record was not clear as to whether Thompson was ever advised of his right to appeal. Consequently, the Magistrate Judge's recommendation is not based on the procedural default of any of Thompson's grounds for relief, and his objections on this point are moot.

### b. Review on the Merits

Thompson also objects to the Magistrate Judge's determination on the merits of his grounds for relief with regard to the knowing and voluntary nature of his plea and whether he received effective assistance of counsel.

"[G]uilty pleas 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). The determination of whether a plea is voluntary and knowing is based on "the totality of the circumstances surrounding the plea." *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005). "When a defendant subsequently brings a federal habeas petition challenging his plea, the state generally satisfies its burden [to show the plea was voluntary and intelligent] by producing a transcript of the state court proceeding." *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

Further, when a habeas petitioner challenges the voluntary and knowing nature of a plea based on the alleged promises of counsel that the petitioner would receive a lesser sentence, the petitioner's claim must be analyzed in light of the Sixth Circuit's opinion in *Baker v. United States*, 781 F.2d 85

(6th Cir. 1986). *See Ramos v. Rogers*, 170 F.3d 560, 563 (6th Cir. 1999). In *Baker*, the Sixth Circuit wrote:

> It is impossible for a trial judge to properly administer a plea agreement if it consists of secret terms known only to the parties. Furthermore, a plea bargain itself is contractual in nature and subject to contract-law standards. To allow defendant to attempt to prove by affidavit that the agreement is otherwise than it appears, unambiguously, on a thorough record would violate established contract-law standards. *The Court holds therefore that where Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court*, and that therefore there was no breach of agreement in this case.

*Baker*, 781 F.2d at 90 (emphasis added) (citations and quotation marks omitted).

In his Objections, Thompson argues—for the first time—that his plea was not knowing and voluntary because the state trial court failed to advise him of the various rights he would be giving up by pleading guilty. Specifically, Thompson alleges that he was not advised of his constitutional right to a jury trial. Initially, it should be noted that Thompson waived this argument by failing to raise it prior to his Objections. *See Gillingham v. Warden, Pickaway Correctional Inst.*, No. 3:08–cv–312, 2011 WL 2786560, at *2 (S.D. Ohio July 15, 2011) ("Petitioner did not advance such an argument in his Petition or in his Traverse and Brief and is now advancing the argument for the first time in his Objections. Therefore, the argument is waived.").

However, even assuming Thompson properly presented the argument, it must be rejected. The state trial court specifically informed Thompson of his right to a jury trial and that he would be waiving this right by pleading guilty. (Doc. No. 9-1, Ex. 23 at PageID# 134.) The trial court advised him of the other rights he would be giving up as well, including his right to be represented at trial, to cross-examine the prosecutor's witnesses, to summon and present his own witnesses, to be presumed innocent, to require the State of Ohio to prove his guilt beyond a reasonable doubt, and to remain

silent. (Doc. No. 9-1, Ex. 23 at PageID# 134-36.) In addition, Thompson acknowledged that he understood the court's instructions on each of these points. (*Id.*) Thus, Thompson's objection is overruled. The Magistrate Judge correctly determined that Thompson failed to show that the state trial court did not follow proper plea colloquy procedures.

Next, Thompson objects to the Magistrate Judge's conclusion that Thompson was not denied effective assistance of counsel. After finding that the trial court had followed proper plea colloquy procedures, the Magistrate Judge assessed Thompson's claim that his plea was not voluntary and knowing because his counsel assured him that he would receive only five years imprisonment if he pled guilty, rather than the ten-year sentence actually imposed. In accordance with *Baker*, because the trial court followed proper plea colloquy procedures, the Magistrate Judge required Thompson to show "extraordinary circumstances" that explained why Thompson did not reveal the alleged terms of his plea agreement during the plea colloquy. The only possible explanation the Magistrate Judge could extricate out of Thompson's Petition was that his counsel provided ineffective assistance. However, the Magistrate Judge found that Thompson's ineffective assistance of counsel claim was without merit. Thompson now objects to that holding.

To establish ineffective assistance of counsel, Thompson must "show that (1) his attorney's performance was, under all of the circumstances, unreasonable under prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Ramos*, 170 F.3d at 564 (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). However, "[w]hen an ineffective-assistance claim is based on misleading information regarding the consequences of a plea, a proper plea colloquy is generally deemed to cure any misunderstanding the defendant may have had about the consequences of the plea." *United States v.*

12

*Pola*, 703 F. App'x 414, 423 (6th Cir. 2017). "[A]ny showing of actual prejudice attributed to counsel's erroneous advice" is foreclosed "because the defendant is deemed bound by his statements in response to the court's inquiry." *Id.*; *see also Summers v. Warden Chillicothe Correctional Institution*, No. 17–3487, 2018 WL 2166198, at *3 (6th Cir. Feb. 20, 2018) ("A guilty plea colloquy protects against claims that the plea was the result of inadequate advice because the record can establish that the defendant understood the advantages and disadvantages of the plea and the sentencing consequences.").

Upon review, the Court agrees with the Magistrate Judge that Thompson cannot demonstrate either deficient performance or prejudice. First, Thompson has not presented any evidence, except for his own self-serving allegation, that his counsel promised that he would receive a five-year prison term. This is insufficient to establish deficient performance.

Second, even assuming that Thompson's counsel was deficient because he falsely promised a five-year prison term, Thompson cannot show that he was prejudiced because the state trial court properly advised him of the potential penalties associated with his guilty plea during the plea colloquy. Thompson specifically acknowledged that he understood his plea would subject him to "a mandatory prison term of three years before any prison time is served on the underlying offense, which is a felony of the second degree . . . punishable by 2 to 8 years in prison in yearly increments." (Doc. No. 9-1, Ex. 23 at PageID# 136-37.) He also explicitly denied that anyone had made any promises with regard to the sentence he would receive if he pled guilty. (Doc. No. 9-1, Ex. 23 at PageID# 132-33.) Consequently, the state trial court's plea colloquy cured any misunderstanding Thompson may have had about the consequences of his plea, and he is foreclosed from showing prejudice based on his counsel's alleged erroneous advice. Thompson's objection with regard to his

13

ineffective assistance of counsel claim is therefore denied. As a result, Thompson also is not able to show any "extraordinary circumstances" that would invalidate his plea, and the Court agrees with the Magistrate Judge's finding that his plea was knowing and voluntary.

Finally, the Magistrate Judge held Thompson's fourth ground for relief—which challenged the sufficiency of the evidence supporting his conviction and sentence—was waived due to his guilty plea. Thompson did not specifically object to this finding. Thus, the Court reviews the Magistrate Judge's conclusions relating to this issue for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) (providing that "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"); *see also* Advisory Committee Notes to Fed. R. Civ. P. 72 ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no clear error in the Magistrate Judge's holding. "[A]fter the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself." *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012). Thus, by pleading guilty, Thompson waived any right to attack the sufficiency of the evidence supporting his conviction. *See Childrey v. Palmer*, No. 1:10–cv–1074, 2010 WL 4923543, at *3 (W.D. Mich. Nov. 29, 2010).

### c. Appointment of Counsel

Thompson's Objections also provide that his "right to appointed counsel still stands, which he has moved the courts for to no avail," and that he "must be appointed counsel for the effective utilization of discovery." (Doc. No. 18 at 2-3.) The Magistrate Judge denied Thompson's original Motion for Appointment of Counsel on May 21, 2018. (Doc. No. 15.) Thompson did not object to

14

that order, and to the extent he is attempting to do so now, his objections are untimely. *See* Fed. R. Civ. P. 72(a) (providing fourteen days for objections to a magistrate judge's order on non-dispositive matters); Local Rule 72.3(a) (same).

To the extent that Thompson's Objections can be interpreted as a renewed motion for appointment of counsel, the motion is denied. Generally, a petitioner in a habeas proceeding has no constitutional right to counsel. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). "A district court must, however, appoint counsel for an indigent petitioner when an evidentiary hearing is required or when necessary for the petitioner's effective utilization of discovery." *Hudson v. Sloan*, No. 4:17 CV 1885, 2018 WL 4052155, at *4 (N.D. Ohio Aug. 23, 2018) (citing 28 U.S.C. § 2254 Rule 6(a) (2014)). The only reason Thompson provides in support of his need for counsel is that it is necessary for the effective utilization of discovery. However, the issues raised in Thompson's Petition were capable of being resolved based on the state court record without additional factual inquiry. There was thus no need for discovery in this case, and Thompson's motion is denied.

### d. Document Requests

Finally, in his Objections, Thompson moves the Court to produce a transcript of the state court proceedings, including his plea colloquy, and to provide him with a copy. (Doc. No. 18 at 2-3.) However, the Court is already in possession of the relevant records from Thompson's state court proceedings, including his plea colloquy. (*See* Doc. No. 9-1.) In addition, Respondent specifically attested that he served these records on Thompson. (Doc. Nos. 13, 13-1.) Thompson never disputed the accuracy of Respondent's Notice despite ample time to do so. Thompson also moves the Court for a copy of "the order of relief granted by Judge John R. Adams." (Doc. No. 18 at 3.) Judge Adams

15

was the previous district judge assigned to this case, but never issued an order of relief. Accordingly, any objections based on Thompson's requests for additional documents are overruled as well.

## IV. Conclusion

For the reasons set forth above, Petitioner's Objections are overruled. Accordingly, Magistrate Judge Greenberg's R&R (Doc. No. 16) is ADOPTED, and the Petition is DENIED. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
Date: October 1, 2019   U. S. DISTRICT JUDGE